Deaderick, J.,
delivered the opinion of the Court.'
Defendant in error brought this action of ejectment against plaintiff in error in the Circuit Court of Maury county. Curry had obtained judgment against Rivier, and had the land sued for sold. It was bought by Cavender, and, upon his order, conveyed by the Sheriff to Pugh. The land had been previously sold and conveyed by Pugh to Rivier & Jones, partners in a tannery.
At the time suit was brought, Jones, the tenant in common with Rivier, had a bill pending in the Chancery Court, to sell the land for the payment of partnership debts.
The declaration describes the land as three hundred acres, more or less, and describes it as bounded by the adjacent owners, giving their names.
The verdict was in favor of the plaintiff, and the Court refusing a new trial, the defendant appealed.
The bill of exceptions does not show that it con *717 tains all the evidence heard in the Court below, so that, under the 'repeated rulings of this Court, we are %to presume there was sufficient evidence to sustain the verdict of the jury, and must affirm the judgment unless there is some error in the charge of the Court, some improper admission or rejection’ of testimony, or some legal insufficiency in the pleadings or verdict.
The charge is correct, and no exception is taken to it. But it is insisted that the verdict of the jury is fatally defective in not describing the land recovered with reasonable certainty.
The verdict is that “the plaintiff is entitled in fee to the possession of the lands described in said declaration, except the hundred acres claimed by 'Wills Akin on the west of said' lands.”
Section 3247 of the Code provides that the verdict may specify the extent and quality of the plaintiff’s estate, to which he is entitled, with reasonable certainty, by metes and bounds, or other sufficient description, according to the facts as proved.
By the act of 1852, s. 2, when the plaintiff’s right is proved for only part of the land sued for, the verdict shall specify such part, describing the same so that possession can be delivered, etc.
This section was construed in this Court in 4 Sneed, 567, and 5 Sneed, 690. It was held in .both these cases, that the description in the verdict should be reasonably certain, so that the parties and all others may know the limits and boundaries of the right thus judicially established, and that the land recovered should be described in the verdict by metes and bounds, *718 or by reference to the lines of other tracts or natural or artificial objects, and that if the evidence was not sufficient to enable the jury to give such description, the causer-ought to be delayed until, by proper surveys or further proofs, this can be done. The provisions of the act of 1852, are substantially the same as those of the Code, in respect to the certainty required in the verdict, when the recovery is for part only of the land claimed in the declaration.
The verdict does not show how the one hundred acres is claimed by Wills Akin, whether by actual, or imaginary, or unascertained lines. We can not see from this verdict what specific part or share of the premises embraced in the declaration is intended by the verdict. The description is not “ a reference to the lines of other tracts,” but is an indefinite exception of one hundred acres out of the tract sued for; and we think that it is not such a description of the land recovered as enables the Sheriff to put the plaintiff in possesion of the land recovered, so that he and all others may know the limits and boundaries of the rights thus judicially established.
For the error indicated, we reverse the judgment, and remand' the cause for a new trial.